# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

_____
                              )
CHERYL ANN CORDEIRO,          )
                              )
            Plaintiff,        )
                              )
v.                            )        Civil Action
                              )        No. 18-10203-PBS
ANDREW M. SAUL, Commissioner of )
the Social Security Administration,)
                              )
            Defendant.        )
_____)

## MEMORANDUM AND ORDER

December 20, 2019

Saris, C.J.

Plaintiff Cheryl Ann Cordeiro suffers from major depressive and anxiety disorders and seeks SSDI benefits for a period running from September 1, 2000, to December 31, 2005. In August 2019, the Court vacated the Social Security Administration's decision denying Cordeiro benefits and remanded her application for further proceedings. Now, the Commissioner has moved for reconsideration of that decision, arguing that the Court committed two legal errors. First, the Commissioner claims the Court flipped the burden of proof in determining the ALJ's decision that Cordeiro did not satisfy a listed impairment was not supported by substantial evidence. Second, the Commissioner claims the Court incorrectly concluded that the ALJ failed to

1

properly weigh the medical opinion evidence from Dr. Wold and Dr. Boshes. For the following reasons, the Court **DENIES** the Commissioner's motion for reconsideration (Dkt. No. 58).

## DISCUSSION

"[M]otions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009). The Commissioner has not presented any new evidence and there has been no intervening change in the law, so this motion is based solely on supposed errors in the Court's prior opinion. That opinion describes the administrative record evidence in detail. It also lays out the applicable legal framework for Cordeiro's appeal. The Court assumes familiarity with its prior opinion and does not repeat that background information here.

### I.  **Listed Impairment**

The Commissioner first argues that the Court committed legal error by misapplying the burden of proof at step three of the sequential analysis. He argues that it was Cordeiro's burden to show that her disability met the criteria for a listed impairment under the Social Security regulations. The Court

agrees that was Cordeiro's burden before the ALJ -- indeed, it said as much in its prior opinion. See Dkt. No. 55 at 10 ("The claimant bears the burden of proof for steps one through four."). On appeal, however, the Court reviews the ALJ's decision to see whether it was supported by substantial evidence. See Coskery v. Berryhill, 892 F.3d 1, 3 (1st Cir. 2018). The Court followed this standard of review when it concluded "the ALJ did not provide substantial evidence to conclude that Plaintiff's condition did not meet [L]isting 12.04." Dkt. No. 55 at 17. Although the Court appreciates how the Commissioner might read this language as flipping the burden of proof, that is not what the Court did. The Court vacated the ALJ's decision, in part, because the conclusion that Cordeiro failed to carry her burden was not supported by substantial evidence.

The Commissioner also disagrees with the Court's assessment that the ALJ's determination that Cordeiro did not meet listing 12.04 was not supported by substantial evidence. While the Commissioner identifies several supposed errors in the Court's reasoning, these arguments miss the forest for the trees. The ALJ did not literally ignore the medical evidence in the record, but she did discount all of it in reaching her opinion. The record contains opinions from two treating sources and two DES consultants, all of whom stated that Plaintiff was disabled

3

and/or suffered from severe or marked limitations in her ability to function. In fact, one of the treating sources (Dr. Wold) and the two DES consultants opined that Plaintiff was severely disabled as of the fall of 2000, which was during the period for which Cordeiro seeks SSDI benefits. Yet the ALJ substituted her own opinion that Cordeiro did not have severe and/or marked limitations for the opinions of these medical experts. See Banushi v. Barnhart, No. 06-cv-10042-RWZ, 2007 WL 1858658, at *7 (D. Mass. June 26, 2007).

The ALJ based her opinion primarily on a handful of statements by Cordeiro that were cherry-picked from the record. Several of the statements are drawn from Cordeiro's treatment notes from the fall of 2000 when she reported to Dr. Wold that she was feeling somewhat better and that a Zoloft prescription had improved her condition. As the Court observed in its prior opinion, these statements are of minimal evidentiary value since they do not describe a significant enough improvement to support the ALJ's conclusions regarding Cordeiro's limitations. See Hagan v. Colvin, 52 F. Supp. 3d 167, 174-76 (D. Mass. 2014). After all, Dr. Wold diagnosed Cordeiro with major depressive disorder based on his observations in the fall of 2000 and the same notes assign her a GAF score of 41. Further, the fact that Cordeiro's condition improved with medication suggests at most a

4

temporary improvement given that her insurance ran out in 2000 and she subsequently ceased receiving treatment.

The ALJ also relied on a selective reading of Cordeiro's 2015 Function Report. The Commissioner now argues the ALJ acknowledged in her opinion the conflicting statements from the same report and the hearing, but this does not address the Court's critique. The Court discerns no principled reason why the ALJ relied on certain statements and ignored others. For example, the ALJ claimed that Cordeiro is able to shop and go out alone, but what Cordeiro actually wrote in the 2015 Function Report was that she goes outside "[a]s little as I can only when I have to go out" and "I rarely shop takes [sic] at least one to two hours. Difficult to concentrate." R. 184. The problem is compounded by the fact the ALJ's reliance on the 2015 Function Report is inconsistent with her explanation for why she discounted the opinion of Dr. Boshes. The ALJ assigned little weight to Dr. Boshes opinion that Cordeiro had "extreme" impairments in numerous areas because he only began treating her after the date last insured, but then gave great weight to certain portions of Cordeiro's self-description of her presently existing limitations.[1]

---

[1] The Commissioner points out that Cordeiro stated at the hearing before the ALJ that her condition is presently worse than it was as of her date last insured. This may be true but, given that Dr. Boshes opined that Cordeiro currently suffers

Finally, the ALJ bolstered her opinion with the fact that Cordeiro did not continue seeking treatment for her depression between December 2000 and her date last insured on December 31, 2005. But the record is reasonably clear that Cordeiro ceased treatment because she lacked medical insurance. This undercuts any argument the lack of treatment is evidence of her improving condition. See Sincavage v. Barnhart, 171 F. App'x 924, 927 (3d Cir. 2006); Perry v. Colvin, 91 F. Supp. 3d 139, 149-51 (D. Mass. 2015). Likewise, the fact that Cordeiro did not have any emergency hospitalizations during the relevant period is not inconsistent with a finding of marked or severe limitations.

## II. Residual Functional Capacity

The Commissioner also argues that the Court erred by finding the ALJ did not properly weigh the opinions of Dr. Wold and Dr. Boshes. To be clear, the Court only found that the ALJ's decision not to give Dr. Wold's opinion controlling weight was not supported by substantial evidence.[2] First, the Commissioner argues that Dr. Wold's opinion is not a "medical opinion" within the meaning of 20 C.F.R. § 404.1527. The Court disagrees. According to the regulations, "[m]edical opinions are statements

---

from "extreme" impairments, it is not evidence that she did not have marked or severe limitations as of December 31, 2005.
[2] With respect to Dr. Boshes's opinion, the Court allowed that the reason for the discounting the opinion provided by the ALJ was permissible but observed it was inconsistent with the rest of her analysis.

6

. . . that reflect judgments about the nature and severity of your impairment(s), <u>including your symptoms, diagnosis and prognosis</u>, what you can still do despite impairment(s), and your physical or mental restrictions." <u>Id.</u> § 404.1527(a)(1) (emphasis added). Dr. Wold's notes describe Cordeiro's symptoms and diagnose her with "Major Depressive Disorder, Recurrent, Severe With Psychotic Features." <u>See</u> Am. Psychiatric Ass'n, <u>Diagnostic and Statistical Manual of Mental Disorders</u> (4th ed., text rev. 2000) code 296.34 (DSM-IVTR). <u>Second</u>, the Commissioner argues that the ALJ was entitled to give Dr. Wold's opinion little weight because Cordeiro reported to him and John McMullen, a social worker, that her conditions improved with medication. For the same reasons discussed above, these vague statements do not provide substantial evidence to discount Dr. Wold's opinion.

## ORDER

Accordingly, the Commissioner's motion to reconsider (Dkt. No. 58) is **DENIED**.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
Chief U.S. District Judge

7